## Case No. 150.

### The ALDEBARAN.

[Olcott, 130.][1]

District Court, S. D. New York. April, 1845.

ADMIRALTY—PLEADING—TECHNICAL PLEADINGS NOT NECESSARY.

1. Where an answer is made without oath, as authorized by rule 87, it should still respond fully and particularly to every material averment of the libel.

2. Mere narrative statements in a libel, which allege no damages, and claim no particular remedy, need not be replied to specifically by answer.

3. Where a libel alleges a particular agreement was made, and a written instrument was executed, and the instrument embodies the substance of such agreement, an admission by the answer of the execution of the instrument is substantially an admission of the contents of the instrument.

4. The practice in admiralty does not exact a course of technical proceedings.

5. If the answer admits, to a reasonable intendment, facts stated in the libel, it will be sufficient, though loose and informal as a pleading.

[6. Cited in the J. F. Warner, 22 Fed. Rep. 344, to the proposition that a libel may be filed in rem against the vessel, and in personam against the owner, for breach of a charter party.]

[In admiralty. Exceptions to answer overruled.]

---

[1][Reported by Edward R. Olcott, Esq.]

J. B. Parry, for libellant.
Benedict, for claimant.

BETTS, District Judge. This case turns upon a point of pleading. A libel was filed in rem, against the brig, and in personam against her owner, on a charter-party. It charges breaches of the charter-party, and prays the respondent and all others in interest may be cited to appear and answer thereto, and that the brig and parties on intervening may be condemned in damages, &c., but did not demand that the answers should be made on oath. The owner appeared, and filed his answer thereto, without oath. This he was authorized to do by the 87th rule of court, which declares that "an answer need not be put in under oath, unless so required by a sworn libel, or one filed by the United States." Betts, Pr. App. 22. Still the answer, if not attested to on oath, should respond particularly and fully to every material averment of the libel. Betts, Adm. 53.

The libellant takes exception to the answer for insufficiency, in two particulars; that it does not admit or deny the agreement set forth in the fourth article of the libel, that the brig should, for one hundred dollars additional compensation. proceed from Cienfuegos to Havana, and there take in cargo; nor that the one hundred dollars was paid by the agent of the libellant, and received by the agent of the respondent, within the terms and intent of the agreement. It is not plain that this branch of the case is any way material to the libellant's right of action, the run from Cienfuegos to Havana not having been stipulated in the charter-party; and admitting a valid contract to perform that voyage as set forth, yet the libel does not specify any damages accruing out of the non-performance of that stipulation, or other cause of action accruing to him by the neglect or refusal of the respondent to fulfil that engagement. It seems rather introduced as a link in the narrative of the operations of the vessel than as a substantive gravamen in the suit against which any relief or remedy was demanded, and in that point of view the statement does not amount to an allegation which requires a specific answer. But if the averment be regarded material and formal, I am inclined to think the answer is substantially sufficient to meet its requirements for the execution, by the respondent's agent, of the written receipt set forth in the libel. and the payment therefor of $100, are both admitted, and the receipt embodies the agreement alleged in the libel. This mode of answering, though informal and loose as a pleading, is a substantial admission of the facts stated in the libel, and sufficient, under the liberal practice of admiralty courts, to give the libellant every advantage he could derive from an answer more technical, and exactly adapted to the representations of the libel. The second ex-

ception I think supererogatory. The answer to all reasonable intendment sets forth the fact demanded by the exception. It is quite immaterial that the answer should admit or deny in court that the act charged was done "in pursuance of the agreement." The agreement to do the act, and its performance, are both admitted; and if the libellant's case requires that the performance should be "in pursuance of the agreement," the law will intend it was so. I think, therefore, the exceptions must both be disallowed and overruled with costs, to be taxed.